IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


TAZ HARDWOODS COMPANY, INC.,
also insured and trading as Tri-County
Hardwood, a West Virginia Corporation,

**Plaintiff,**

*vs*.                                              CIVIL ACTION NO. 2:03CV93

WESTCHESTER FIRE INSURANCE
COMPANY, a Georgia corporation
and a subsidiary of ACE USA, Inc.,

**Defendant.**


### ORDER DECIDING PLAINTIFF'S REVISED MOTION TO DETERMINE SUFFICIENCY OF OBJECTIONS OF THE DEFENDANT TO THE REQUESTS FOR ADMISSION AND IN AID OF DISCOVERY PURSUANT TO RULES 36 AND 37 OF THE FED. R. CIV. PRO.

On August 24, 2005 Plaintiff filed his "Revised Motion To Determine Sufficiency Of The Objections Of The Defendant To The Requests For Admission And In Aid Of Discovery Pursuant To Rules 36 and 37 of the Fed. R. Civ. Pro. (Docket Entry 86). The is the second time the Court has been called to visit a dispute over responses and objections to the same three "Requests For Admission" filed by Plaintiff on June 11, 2005 and served on Defendant at least by June 24, 2005. On August 16, 2005 Plaintiff first filed its Motion To Determine Sufficiency Of The Objections Of The Defendant To The Requests For Admission Pursuant To Rules 36 and 37 of the Federal Rules of Civil Procedure. By Order dated August 24, 2005, Plaintiff's motion was denied without prejudice and Plaintiff was given the opportunity to re-file the motion by not later than Wednesday,

August 24, 2005 at 4:00 pm EDT. The Order also gave Defendant until Tuesday, August 31, 2005 at 4:00 pm EDT within which to file any response it may have to such revised motion. Both Plaintiff and Defendant took advantage of the opportunities afforded by the Court's Order.

**Requests For Admission In Dispute**

ADMISSION REQUEST 1: "Admit that counsel for Westchester Fire Insurance Company did not know that the unilateral appraisal provisions identified and invoked in letter correspondence dated March 27, 2003 and April 24, 2003 had been withdrawn from permitted use in West Virginia by virtue of the policy endorsement WEST VIRGINIA CHANGES 01 12 01 00 ..."

ADMISSION REQUEST 2: "Admit that the appraisal provisions asserted by counsel for Westchester Fire Insurance Company in letter correspondence dated March 27, 2003 did not conform with the policy of insurance with Taz Hardwoods, as required by the Insurance Commissioner of West Virginia."

ADMISSION REQUEST 3: "Admit that Westchester Fire Insurance Company asserted a unilateral appraisal provision in a West Virginia insurance contract as a general business practice after the issuance of that Informational Letter No. 119-A by the Insurance Commissioner of the State of West Virginia in July, 2000 and adoption of WEST VIRGINIA CHANGES CP 01 12 01 00."

**Responses Filed**

On July 14, 2005, Defendant filed "Responses and Objections to Requests for Admission by TAZ Hardwoods Company, Inc. To Westchester Fire Insurance Company." The objections made by Westchester can be generalized as follows:

ADMISSION REQUEST 1:

1) Westchester should not have to respond because it claims it was not served until June 24th

making its response due July 25th which would be after the July 15th close of discovery date established by the Court's scheduling order.

2) Westchester should not have to respond because the requests seeks to discover the "mental impressions, conclusions, opinions, or legal theories of [Westchester Fire's] attorney."

3) Westchester should not have to respond because Plaintiff's 30(b)(6) witness had already testified that the policy of insurance did not have the endorsement upon which the Request is based.

4) No admission or denial of the request was made.

ADMISSION REQUEST 2:

1) Westchester should not have to respond because the request calls for a legal conclusion outside the scope of Requests For Admission.

2) Westchester should not have to respond because TAZ's 30(b)(6) witness was unable to identify the terms included in the policy of insurance under which the suit was brought.

3) Westchester should not have to respond because the request was ambiguous with respect to what constitutes "the policy of insurance with TAZ Hardwoods.

4) Notwithstanding the objections, Westchester denied admission request 2.

ADMISSION REQUEST 3:

1) Westchester should not have to respond because the request calls for a legal conclusion outside the scope of Requests For Admission.

2) Westchester should not have to respond because Plaintiff's 30(b)(6) witness had already testified that the policy of insurance did not have the endorsement upon which the Request is based.

3) Westchester should not have to respond because the request is vague and ambiguous with respect to the meaning of "asserted," "adopted" and "in a West Virginia insurance contract."

4) Notwithstanding the objections, Westchester denied admission request 3.

On August 23rd or 24th, 2005, Defendant Westchester filed its Supplemental response to Admission Requests 1, 2, and 3. In addition to restating the objections and responses originally filed, Westchester objected and responded:

ADMISSION REQUEST 1:

1) Westchester should not have to respond because discussions between the parties had resulting in a mutual agreement and mutual partial execution of the agreement to an appraisal process mooting the subject inquiry of the request.

ADMISSION REQUEST 2:

1) Westchester should not have to respond because discussions between the parties had resulting in a mutual agreement and mutual partial execution of the agreement to an appraisal process mooting the subject inquiry of the request.

ADMISSION REQUEST 3:

1) Westchester should not have to respond because the request omits that discussions between the parties had resulting in a mutual agreement and mutual partial execution of the agreement to an appraisal process rendering the admission request factually incorrect and incomplete.

The issues are joined, appear to be simple in nature and the Court sees no need to burden the parties with additional costs that would accompany further oral argument. Accordingly, the matter is deemed submitted for decision on the pleadings and written memorandums.

# DISCUSSION

Federal Rule of Civil Procedure 36 in pertinent part provides:

(a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. ...

**Timeliness of Filing Admission Requests**

Westchester's continuing objection that it was not served with the admission requests until June 24th, 2005 thereby making its response due after the close of discovery is factually without merit and overruled. Westchester was arguably served with the admission requests on June 14th, 2005 making their responses due before the July 15th, 2005 completion of discovery date. Within the 30 day time period provided by FRCivP 36(a) Defendant responded with denials to Requests 2 and 3 and objections to all three Requests.

**Admission Request 1**

Westchester is not required to respond to Admission Request 1. Discovery and investigation since the filing of the request appears to reveal a genuine question of fact heartily disputed by the parties as to whether the Insurance Commissioner's Informational Letter 119-A was the controlling letter at the critical time in issue or whether it had been supplanted by the Insurance Commissioner's Informational Letter 119-B. It is further apparent from the filings that Plaintiff's expert may have been aware of the existence of the Insurance Commissioner's Informational Letter 119-B but elected to have counsel for Plaintiff frame the admission request using the more favorable Informational Letter 119-A. The Court will leave it to the trier of fact to determine which Informational Letter is controlling, if any.

5

In addition, the Admission Request does seek the mental impressions of legal counsel on a legal issue notwithstanding Counsel for Plaintiff's attempt to couch the request as seeking the fact of knowledge. The lawyer's knowledge would be inextricably intertwined with his interpretation of what the Informational Letter meant and whether or not it was applicable to the loss and policy of insurance that was the subject of dispute between Plaintiff and Defendant. The Request did not ask if the lawyer knew of the existence of the policy endorsement WEST VIRGINIA CHANGES 01 12 01 00 at the time he wrote the letter in question to Plaintiff's counsel or Plaintiff but instead asked a compound question seeking to have Defendant admit or deny that the attorney writing in its behalf knew of a specific interpretation adopted by Plaintiff from the policy endorsement WEST VIRGINIA CHANGES 01 12 01 00.

**Admission Requests 2 and 3:**

Westchester's denial of Admission Requests 2 and 3 moots defendant's objections and Plaintiff's Motion. The denials have been made and the parties are now left to the proof at trial to support their position. The Court finds Defendant's denials sufficient.

Accordingly, Defendant is relieved of any obligation to further respond to Admission Request 1 and Defendant's denials with respect to Admission Request 2 and Admission Request 3 are deemed sufficient and its objections to those two admission requests are deemed moot by it's denials.

It is so **ORDERED.**

The Clerk is directed to send copies of this Order to all counsel of record .

DATED: December 8, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE